IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:09-CV-129-D

| | |
|---|---|
| ANNIE McDUFFIE, JOHN McDUFFIE, and KIMBERLY McDUFFIE, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>TKB HOLDING GROUP, LLC, )<br>FIRST INVESTORS LLC OF N.C., )<br>DAVID ROBERTS, ANDRE T. ROYAL, )<br>UNITED STATES OF AMERICA, and )<br>THE HONORABLE BRENDA TUCKER, )<br>in her capacity as Clerk of Superior Court )<br>of New Hanover County, )<br>)<br>Defendants. ) | **ORDER** |

The United States ("United States" or "government") seeks a default judgment against Roberts, First Investors, Royal, and TKB [D.E. 55]. The government also seeks summary judgment as to its counterclaim against the McDuffies and its cross-claim against Tucker in her official capacity as Clerk of Court for New Hanover County [D.E. 53].

As explained below, the court grants the government's motion for a default judgment. Moreover, because the McDuffies concede that the government's lien position is superior to their judgment lien, the court grants the government's motion for summary judgment and orders Tucker, in her official capacity as New Hanover County Clerk of Court, to pay to the United States the surplus funds at issue in this case. Finally, because the government's lien position is superior and the amount of the government's outstanding judgment exceeds the amount of the subject surplus funds, the court denies the McDuffies' motion for summary judgment [D.E. 49].

I.

On April 4, 2001, David Roberts ("Roberts"), a defendant in this case, pleaded guilty in the United States District Court for the Western District of North Carolina to conspiracy to defraud the United States in violation of 18 U.S.C. § 371 (count one), mail fraud and aiding and abetting in violation of 18 U.S.C. §§ 1341 and 2 (count two), and wire fraud and aiding and abetting in violation of 18 U.S.C. §§ 1343 and 2 (count three). See United States v. Roberts, No. 3:01-CR-14-RLV (W.D.N.C. Apr. 4, 2001); United States v. Roberts, No. 3:01-CR-14-RLV (W.D.N.C. Jan. 17, 2003) (judgment). On January 17, 2003, the district court sentenced Roberts to five months' imprisonment for each count to run concurrently and ordered him to pay $315,745.87 in restitution. United States v. Roberts, No. 3:01-CR-14-RLV (W.D.N.C. Jan. 17, 2003) (judgment). On February 2, 2007, the government filed a complaint in this court against Roberts and his company, First Investors, LLC of North Carolina ("First Investors"), alleging violation of the False Claims Act, 31 U.S.C. § 3729(a)(7), and common-law fraud. See Compl., United States v. Roberts, No. 7:07-CV-18-D (E.D.N.C. Feb. 2, 2007).[1] On August 9, 2007, the Clerk of Court entered default and, on September 13, 2007, the court granted default judgment against Roberts and First Investors in the amount of $131,721.77 with interest. United States v. Roberts, No. 7:07-CV-18-D (E.D.N.C. Sept. 13, 2007) (unpublished). On March 4, 2008, the government recorded the judgment as a lien in New Hanover County. Stearns Aff. ¶ 4. The amount of the judgment that remains outstanding is $102,996.50, plus accrued interest. See Stearns Aff. ¶ 11.

---

[1] Roberts is the managing member and sole owner of First Investors, a North Carolina Corporation. See McDuffie v. Roberts, Nos. 06-CvS-1430, 06-CvS-5420, ¶¶ 3–4 (New Hanover Sup. Ct. Apr. 14, 2008) (unpublished); Compl. ¶ 6; Gov.'s Cross-Cl. ¶ 31.

2

Annie McDuffie, John McDuffie, and Kimberly McDuffie (collectively the "McDuffies"),[2] plaintiffs in this case, are North Carolina residents who owned a parcel of land (the "McDuffie property") in New Hanover County, North Carolina. McDuffie v. Roberts, Nos. 06-CvS-1430, 06-CvS-5420, ¶¶ 2, 5 (New Hanover Sup. Ct. Apr. 14, 2008) (unpublished). In 2005, the McDuffie property became the subject of a foreclosure action. Id. ¶ 10. In December 2005 and January 2006, while the foreclosure proceedings were pending, one of Roberts' and First Investors' employees, Andrea Williams, called Annie McDuffie ("McDuffie") several times to persuade McDuffie to allow Roberts and First Investors to "help" her with her foreclosure. See id. ¶ 14. Roberts told McDuffie that she stood to lose her home and recover nothing from the sale of her property, and the best way she could protect her interests was to allow Roberts and First Investors to pay her $15,000 and assume the mortgage loans that her property secured. Id. ¶¶ 17–18. Roberts insisted that McDuffie had to sign the paperwork conveying title to First Investors upon Roberts' terms by Friday of that same week, January 6, 2006, or she would lose everything. Id. ¶ 18. In reasonable reliance upon Roberts' various misrepresentations, McDuffie conveyed title to her property to First Investors for $15,000, far less than the property's then-fair market value of $250,000, and far less than the amount of the surplus payment to which McDuffie would have been entitled had the property sold at foreclosure sale without Robert's interference. Id. ¶¶ 21–22, 26–27. Immediately after acquiring title, First Investors listed the McDuffie property for sale at a price of $249,900. Id. ¶ 26. Additionally, although Roberts had told McDuffie that she would have access to the property to remove the McDuffies' personal property, Roberts denied McDuffie access to the property and

---

[2]Annie McDuffie is the mother of John McDuffie and Kimberly McDuffie. McDuffie v. Roberts, Nos. 06-CvS-1430, 06-CvS-5420, ¶ 6 (New Hanover Sup. Ct. Apr. 14, 2008) (unpublished).

disposed of all of her family's personal household possessions, valued at $50,000, in the county landfill. See id. ¶¶ 40–46.

On April 4, 2006, the McDuffies sued Roberts and First Investors in New Hanover Superior Court for breach of contract, conversion of personal property, fraudulent inducement of real property conveyance, and breach of fiduciary duty. McDuffie v. Roberts, Nos. 06-CvS-1430, 06-CvS-5420, at 15–16 (New Hanover Sup. Ct. Apr. 14, 2008) (unpublished). On March 10, 2008, the court held a bench trial. Id. at 1. On April 14, 2008, the court found in favor of the McDuffies and ordered Roberts and First Investors to pay the McDuffies $836,000 in actual and punitive damages. Id. at 15–16. Roberts and First Investors have failed to pay this judgment. See J. McDuffie Aff. ¶¶ 4, 7; Compl. Ex. J (writ of execution returned unsuccessful).

Thereafter, Roberts and First Investors entered into a joint venture with Andre Royal ("Royal") and his company, TKB Holding Group, LLC ("TKB"), a North Carolina corporation, to transfer funds in order to defraud Roberts' and First Investors' creditors. See Compl. ¶¶ 3, 4, 8–12; Royal Dep. 131–38, Ex. 16 (surplus funds agreement); Compl. Ex. D ("First Roberts Aff.") ¶¶ 9–12; id. Ex. E ("First Royal Aff.") ¶¶ 3–5, 7; id. Ex. F ("Second Roberts Aff.") ¶¶ 9–13; id. Ex. G ("Second Royal Aff.") ¶¶ 3–7. The scheme involved Roberts convincing individuals whose homes were the subject of foreclosure proceedings to convey title to their property to First Investors for a price far less than the fair market value of the property and far less than the amount of the surplus payment to which the owners would be entitled had the property sold at foreclosure sale. First Investors would then sell the property interest to TKB for the price First Investors had paid for it. Finally, TKB either would allow the property to be sold at foreclosure sale and collect surplus funds, or would list the property for sale. Royal and Roberts split the money received from the foreclose-

4

sale surplus funds and traditional sales. See Compl. ¶¶ 3, 4, 8–12; Royal Dep. 131–38, Ex. 16 (surplus funds agreement); First Roberts Aff. ¶¶ 9–12; First Royal Aff. ¶¶ 3–5, 7; Second Roberts Aff. ¶¶ 9–13; Second Royal Aff. ¶¶ 3–7.

In one such scheme, on October 13, 2006, Roberts convinced Gary Beardsley to assign his default judgment for surplus funds from the foreclosure known as In re Goddard, No. 05 SP 534 (New Hanover Sup. Ct.), to First Investors. Compl. ¶ 11(a), Ex. H (assignment of judgment); Stearns Aff. ¶ 5(a). The assigned judgment was for the $30,888.05. Compl. ¶ 11(c); United States Answer ¶ 11(c); see Tucker Answer ¶ 11. On January 6, 2009, Roberts, on behalf of First Investors, assigned the judgment to TKB. Compl. Ex. I; Tucker Answer ¶ 11. TKB has petitioned the Clerk of Court for New Hanover County, Brenda Tucker ("Tucker"), for disbursement of $31,233.25 ($30,888.05 plus interest) of the surplus funds. Compl. ¶ 11(f); Tucker Answer ¶ 11.

On July 1, 2009, the McDuffies filed this action in New Hanover Superior Court against Roberts, First Investors, Royal, TKB, the United States, and Tucker in her official capacity as Clerk of Court for New Hanover County [D.E. 1-3].[3] The McDuffies contend that Roberts and First Investors are acting in concert with Royal and TKB in order to defraud Roberts' and First Investors' creditors, including the McDuffies. Id. at 1. The McDuffies seek injunctive relief to prevent Tucker from disbursing the subject surplus funds until they and the government are "provided relief to which they are entitled," or until Roberts, First Investors, Royal, and TKB "compl[y] with such provisions as the court deems necessary to protect the interests of [the McDuffies and the government]." Id. ¶¶ 17–19. Additionally, in light of the outstanding judgments against Roberts

---

[3]Pursuant to 28 U.S.C. § 2410, the McDuffies name the United States as a defendant because the government is a creditor of Roberts and First Investors. Compl. 1. Thus, the government has an interest in the disposition of the proceeds in this case. Id.

5

and First Investors, the McDuffies seek an order directing Tucker to disburse $33,233.15 ($30,888.05 plus interest) of the subject surplus funds to the McDuffies and the United States. Id. ¶¶ 20–22. On August 5, 2009, the government removed the action to this court [D.E. 1].

On November 4, 2009, the government filed a counterclaim against the McDuffies and cross-claims against Roberts, First Investors, Royal, TKB, and Tucker [D.E. 25]. The government alleges: (1) because the government filed its lien in March 2008 before the McDuffies obtained their civil judgment in April 2008, the government's lien is superior, id. ¶¶ 23–27; (2) the government is entitled to a lien on certain property on Silver Lake Road ("Silver Lake property") based on its civil judgment, United States v. Roberts, No. 7:07-CV-18-D (E.D.N.C. Sept. 13, 2007) (unpublished), and lien in New Hanover County, id. ¶¶ 34–37; (3) the government is entitled to a declaration that First Investors is Roberts' alter ego, warranting a piercing of the corporate veil, id. ¶¶ 38–42; (4) the government is entitled to a declaration that TKB is Royal's alter ego, warranting a piercing of the corporate veil, id. ¶¶ 43–45; and (5) any assets belonging to the partnership between Roberts/First Investors and Royal/TKB are fraudulent or, alternatively, transfers occurring under the joint venture were made with the intent to defraud Roberts' and First Investors' creditors. Id. ¶¶ 46–51. On December 9, 2009, the McDuffies responded, conceding the government's superior lien position [D.E. 28].[4]

On April 16, 2010, the McDuffies moved for summary judgment on their claims against Royal and TKB [D.E. 49]. Royal and TKB did not respond. On April 19, 2010, the government moved for summary judgment on its counterclaim against the McDuffies and its cross-claim against Tucker [D.E. 53]. The government also moved for default judgment against Roberts, First

---

[4]The government filed the lien pursuant to its civil judgment, United States v. Roberts, No. 7:07-CV-18-D (E.D.N.C. Sept. 13, 2007) (unpublished).

6

Investors, Royal, and TKB [D.E. 55]. None of the parties have responded to the government's motions. On July 13, 2010, the government and the McDuffies jointly filed a proposed order as to the government's motions and the McDuffies' motion for summary judgment [D.E. 60].

II.

First, the court addresses the government's motion for default judgment against Roberts, First Investors, Royal, and TKB [D.E. 55]. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, the clerk must enter the party's default." Fed. R. Civ. P. 55(a); Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 415 n.1 (4th Cir. 2010). Roberts, First Investors, Royal, and TKB failed to answer the government's cross-claims. Cf. Home Port Rentals, Inc. v. Ruben, 957 F.2d 126, 133 (4th Cir. 1992). Thus, on January 26, 2010, the court entered the parties' default [D.E. 36, 37, 38, 39].

After entry of default, and upon application by the non-defaulting party, the court may enter a default judgment. See Fed. R. Civ. P. 55(b). In a case involving a claim other than a claim "for a sum certain or a sum that can be made certain by computation," a party seeking default judgment must apply to the court. Id.

Here, the government's four cross-claims are requests for relief concerning lien enforcement (count one), corporate-veil piercing (counts two and three), and fraudulent conveyance (count four). The government has applied to the court for default judgment, and the government's well-pleaded allegations support the requested relief. Cf. Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780–81 (4th Cir. 2001). As such, the court enters a default judgment against Roberts, First Investors, Royal, and TKB. The court declares that the government has a lien in the Silver Lake property, pierces the corporate veil as to First Investors and TKB, and declares the transactions

between Roberts/First Investors and Royal/TKB to be fraudulent.[5]

Next, the court addresses the pending motions for summary judgment. Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis removed) (quotation omitted). In determining whether a genuine issue of material fact exists for trial, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

The government moves for summary judgment on its counterclaim against the McDuffies and its cross-claim against Tucker [D.E. 53]. In its counterclaim, the government argues that its March 4, 2008 lien is superior to the McDuffies' civil judgment of April 14, 2008. Additionally, the government seeks injunctive relief ordering Tucker, in her official capacity as New Hanover County Clerk of Court, to pay to the government the surplus funds associated with First Investors' and TKB's joint venture. In response, the McDuffies concede the government's superior lien

---

[5]Additionally, on January 29, 2010, the court ordered First Investors and TKB to retain counsel and to have counsel file a notice of appearance by February 19, 2010 [D.E. 41]. The court warned First Investors and TKB that failure to comply with the court's order may result in default judgment against them. Id. TKB retained counsel who entered a notice of appearance [D.E. 42], but First Investors failed to appear in this action.

position [D.E. 28].

The material facts are undisputed. On August 9, 2007, the Clerk of Court entered default and, on September 13, 2007, the court granted a default judgment against Roberts and First Investors in the amount of $131,721.77 with interest. United States v. Roberts, No. 7:07-CV-18-D (E.D.N.C. Sept. 13, 2007) (unpublished). The judgment remains outstanding. See Stearns Aff. ¶ 11. On March 4, 2008, the government recorded the judgment as a lien in New Hanover County. Stearns Aff. ¶ 4. On April 14, 2008, the McDuffies obtained a civil judgment, which remains outstanding, against Roberts and First Investors in the amount of $836,000. On October 13, 2006, Gary Beardsley assigned his default judgment for surplus funds from the foreclosure known as In re Goddard, No. 05 SP 534 (New Hanover Sup. Ct.), to First Investors. Compl. ¶ 11(a), Ex. H (assignment of judgment); Stearns Aff. ¶ 5(a). Thereafter, on January 6, 2009, Roberts, on behalf of First Investors, assigned the judgment to TKB. Compl. Ex. I; Tucker Answer ¶ 11.

In accordance with 28 U.S.C. § 3201, the government's lien has "priority over any other lien or encumbrance which is perfected later in time," including the McDuffies' lien. See 28 U.S.C. § 3201. Therefore, in light of the default judgment, the undisputed facts, and the applicable law, the court grants the government's motion for summary judgment [D.E. 53]. Moreover, in its cross-claim prayer for relief, the government requests injunctive relief ordering Tucker to "pay surplus funds in [New Hanover] Superior Court case number 08 SP [1]46 and 08 SP 498, and in 05 SP 605, and 04 SP 878, directly to the United States," which concern fraudulent transfers between Roberts/First Investors and Royal/TKB that occurred after the United States obtained judgment on September 13, 2007. See Stearns Aff. ¶¶ 5(b)–(c). Additionally, as indicated in the government's and McDuffies' joint proposed order, the surplus funds associated with In re Goddard (05 SP 534)

9

are also affected by First Investors' and TKB's fraudulent conveyances. See Proposed Order ¶ 19; Stearns Aff. ¶ 5(a). Thus, the court grants the government's requested relief as to all of the foregoing cases.

Finally, the McDuffies move for summary judgment on their claims against Royal and TKB [D.E. 49]. Specifically, the McDuffies move for an order directing that "the surplus funds in the amount of $33,233.25 held by Brenda Tucker, in her capacity as Clerk of Superior Court in 09 SP 339 (New Hanover County), shall be paid to Plaintiffs and Defendants USA, in such division or shares as the Court shall later determine." Pls.' Mem. Supp. Mot. Summ. J. 5. Because the government's lien position is superior and the amount of the government's outstanding judgment exceeds the amount of the subject surplus funds (i.e., $33,233.25), the court denies the McDuffies' motion for summary judgment [D.E. 49].

III.

In sum, the court GRANTS the government's motions for default and summary judgment [D.E. 53, 55], ORDERS Tucker (in her official capacity) to pay the surplus funds at issue (including any surplus funds in New Hanover Superior Court case numbers 09 SP 339, 08 SP 146, 08 SP 498, 05 SP 605, 05 SP 534, and 04 SP 878) directly to the United States, and DENIES the McDuffies' motion for summary judgment [D.E. 49]. The McDuffies' motion for extension of the preliminary injunction [D.E. 64] is DENIED as moot.

SO ORDERED. This 26 day of October 2010.

JAMES C. DEVER III
United States District Judge

10